### MENDENHALL ET AL. V. HAVEN & CO.

1. IMPROVEMENTS AUTHORIZED BY ONE TENANT IN COMMON WITHOUT THE KNOWLEDGE OF HIS CO-TENANTS.

    The signature to a contract for improvements to a building of one who is merely a joint owner or tenant in common, but who signs as trustee for the heirs of the ancestor from whom the property descended, which contract is made without the knowledge of the other heirs, joint owners or tenants in common, does not bind the latter for the cost of such improvements.

2. EVIDENCE OF AGREEMENT BETWEEN JOINT OWNERS AS TO IMPROVEMENTS.

    In an action against joint owners, tenants in common of a building, to recover a sum of money representing the cost of improvements in addition to the original contract price authorized by another joint owner, who signed original contract as trustee for the heirs of the ancestor from whom property descended, evidence that prior to the making of such contract the defendants (two sisters) entered into a contract with such third owner (a brother) whereby, in consideration of the conveyance to him of their interest in certain other property, he agreed to make the improvements provided for in the original contract at his own expense, is competent.

3. DIRECTING VERDICT WHERE THERE IS EVIDENCE EXHIBITED BY BOTH PARTIES IS ERROR.

    It is error to charge, in general terms, that plaintiff has no cause of action, and that the jury must find for the defendant, where evidence has been exhibited

9  O. C. D.  39—3 Cor.

by both parties, and for such error the judgment must be reversed, although the reviewing court may be satisfied, upon the facts exhibited, that the defendant was entitled to a verdict.

ERROR to the Court of Common Pleas of Hamilton county.

The claims sued on in the series of cases to which the above belongs aggregate about $27,000, and represent balances remaining unpaid on contracts for building the St. Nicholas Hotel annex. The improvement cost about that amount in excess of what was originally contemplated, and the issue is as to whether the solvent sisters of John Carlisle are liable as joint owners of the property for the additional cost due to changes ordered by John Carlisle in the original plans—that is, can they be held on the theory that their brother was their agent so far as the increased cost of the improvement is concerned? At the first trial there was a verdict in favor of the defendant sisters, which was reversed by the circuit court. The court directed verdicts against these women, to which error was prosecuted.

SMITH, J.

In this case we are of the opinion that the trial court erred to the prejudice of the plaintiffs in error, in two particulars, viz.:

First—In refusing to allow them to offer evidence tending to show that prior to the making of the contracts sued on, the plaintiffs in error had entered into a contract with John Carlisle and George W. Carlisle, their brothers, and tenants in common with them of the real estate known as the St. Nicholas Hotel property, to the effect that in consideration of the conveyance by said plaintiffs in error to the said John and George W. Carlisle of their interest in other real estate owned by them, the brothers were to make the improvement of the St. Nicholas property as provided for in the contract between Mr. Roth and John Carlisle, who had signed said contract as trustee for the heirs of John Carlisle; and further, that said plaintiffs in error never authorized John Carlisle to make the contracts sued on in these cases for them, and had no knowledge of the making of the same, or of the terms thereof; and

Second—In directing the jury, after the evidence on both sides had been fully heard, to return a verdict for the plaintiffs below.

Under the pleadings and the evidence offered, the question whether the plaintiffs below were entitled to recover was one for the jury alone. In Neuman v. Cincinnati, 18 O., 323, the court held, "that it is error to charge the jury in general terms, that the plaintiff has no cause of action, and that they must find for the defendant, especially where evidence has been exhibited by both parties; and for such error the judgment must be reversed, although the reviewing court may be satisfied upon the facts exhibited that the defendant, in fact, was entitled to a verdict." For like reasons, we think that under such circumstances the court has no right to say to the jury that the plaintiffs are entitled to recover. The judgments will, therefore, be reversed and new trials awarded.

Giffen, J., concurs in the judgment of reversal, not only for the reasons stated above, but on the further ground that the verdict of the jury was manifestly against the weight of the evidence, in finding that John Carlisle was authorized to make the contracts sued on on behalf of the plaintiffs in error, or to bind them thereby.

*C. W. Baker* and *E. K. Stallo*, for plaintiffs in error.

*Thomas McDougall, Herron, Gatch & Herron*, and *Stephens & Lincoln*, contra.